

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,459

### EX PARTE GERALDO CORRAL, AKA RODNEY SERNA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 878-A IN THE 69TH JUDICIAL DISTRICT COURT FROM SHERMAN COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault of a child, and two counts of indecency with a child, and was sentenced to eighteen years' imprisonment for each of the aggravated sexual assault counts, and five years' imprisonment for each of the indecency counts.

Applicant contends, *inter alia*, that his trial counsel, who was also appointed to represent him on direct appeal rendered ineffective assistance because he failed to timely file a motion for new trial

or notice of appeal. Although a motion to substitute appellate counsel was sent to the district court prior to the passing of the appellate deadline, the trial court has determined that the motion is not filed in the record of this cause. No motion for new trial or notice of appeal was filed in this cause.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 878-A from the 69th Judicial District Court of Sherman County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: November 24, 2010
Do Not Publish